**FILED  
CLERK**

6/8/2018 2:35 pm

**U.S. DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
LONG ISLAND OFFICE**

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
EUGENE LAFURNO,

                    Plaintiff,
                                        MEMORANDUM & ORDER
         -against-                      18-CV-1935(JS)(ARL)

SEAN WALTERS, TOWN OF RIVERHEAD,
ROBERT KOZAKIEWICZ, CARTER-MELENCE,
INC., ANTHONY H. PALUMBO, RICHARD
DOWNS, STEVEN E. LOSQUARDO, BRAD
HAMMOND, KENNETH TESTA, CRISTOPHER
SANTINI, JOHNATHAN COHEN, and
JOHN AND JANE DOES 1-108,

                    Defendants.
-----------------------------------X
```

APPEARANCES
For Plaintiff:       Eugene Lafurno, pro se
                     162 Founders Path Dr.
                     Baiting Hollow, NY 11933

For Defendants:      No appearances.

SEYBERT, District Judge:

On March 29, 2018, pro se plaintiff Eugene Lafurno ("Plaintiff") filed: (1) a 61-page Complaint, comprised of 158 numbered paragraphs, (2) a 66-page "Memorandum of Law in Support of Plaintiff's Complaint", and (3) a 157-page "Affidavit", comprised of 271 numbered paragraphs and several more unnumbered paragraphs (together, the "2018 Complaint") and (4) an application to proceed in forma pauperis. (See Docket Entries 1-2.)  The 2018 Complaint is against Sean Walters (Walters), Town of Riverhead ("the Town"), Robert Kozakiewicz ("Kozakiewicz"), Carter-Melence, Inc. ("Carter-Melence"), Anthony H. Palumbo, Richard Downs, Steven

E. Losquardo, Brad Hammond, Kenneth Testa, Cristopher Santini, Johnathan Cohen, and John and Jane Does 1-108 (collectively, "Defendants"). For the reasons that follow, Plaintiff's application to proceed in forma pauperis is GRANTED, but the 2018 Complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT THAT COMPLIES WITH RULE 8 WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER. Plaintiff is warned that no extensions of this deadline will be granted absent extraordinary circumstances and that if the Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim, or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice.

BACKGROUND

By way of background, on March 29, 2017, Plaintiff filed an in forma pauperis pro se Complaint against four of the same named Defendants as the 2018 Complaint, namely Walters, the Town, Carter-Melence, and Kozakiewicz, relating to the same subject matter as the 2018 Complaint (see Lafurno, 17-CV-1742(JS)(ARL)) ("the 2017 Complaint"). Plaintiff sought and received several extensions of time within which to file an Amended Complaint, and, ultimately filed an untimely, 108-page document with 272 numbered

2

paragraphs and many more unnumbered paragraphs, along with 107 pages of exhibits and an unsigned, 66-page memorandum (that was returned to Plaintiff). (See 17-CV-1742, Docket Entries 28, 30.) Accordingly, by Electronic Order dated January 12, 2018, the Court determined that Plaintiff's submission is "sprawling and voluminous and would place an undue burden upon Defendants and the Court if permitted to become the operative pleading." (See 17-CV-1742, Jan 12, 2018 Elec. Order.)

The Court therefore dismissed the Amended Complaint without prejudice for failure to comply with the requirements of Federal Rule of Civil Procedure 8 and granted Plaintiff a final opportunity to file an Amended Complaint by February 12, 2018 that complies with Federal Rule of Civil Procedure 8. Plaintiff was expressly "warned that no extensions of this deadline will be granted absent extraordinary circumstances and that if the Second Amended Complaint fails to contain a short and plain statement of the claim or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice." (See 17-CV-1742, Jan. 12, 2018 Elec. Order.)

Plaintiff did not file an Amended Complaint nor did he request an extension of time to do so. Accordingly, by Order of Dismissal dated March 23, 2018, the action was dismissed without

prejudice and judgment was entered on March 26, 2018.  (See 17-CV-1742, Docket Entries 34-35.)

Rather than file a Second Amended Complaint pursuant to the January 12, 2018 Electronic Order or seek an extension of time to do so, Plaintiff filed a new action on March 29, 2018 against the same Defendants and an additional seven named Defendants, some of whom were also named in the Amended Complaint filed under Docket Number 17-CV-1742.  Of note, the 2018 Complaint concerns the same subject matter as the 2017 action and is largely the same as the Amended Complaint submitted in the 2017 action.  Indeed, in the Affidavit submitted with the 2018 Complaint, Plaintiff explains that he is filing this new complaint because he did not file a Second Amended Complaint [under 17-CV-1742] by February 12, 2018.  (See Aff., Docket Entry 1-2, at ¶ 1.)

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Standard of Review

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir.

2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). This short and plain statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Jones v. Nat'l Commc'ns and Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. 2008) (internal quotation marks and citations omitted) (unpublished opinion). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the

relevant material from a mass of verbiage." Id. (internal quotation marks and citation omitted)).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Rule 8 of the Federal Rules of Civil Procedure also

requires that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Indeed, pleadings must give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 1643, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), overruled in part on other grounds by Twombly, 550 U.S. at 544)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." Salahuddin, 861 F.2d at 42; see also Shomo v. State of N.Y., 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) ("a court has the power to dismiss a complaint that is 'prolix' or has a 'surfeit of detail'"); Gonzalez v. Wing, 113 F.3d 1229, *1 (2d Cir. 1997) (unpublished opinion) (affirming dismissal of pro se plaintiffs' 287-page "incredibly dense and verbose" complaint); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of pro se plaintiff's 88-page, single-spaced complaint that "contained a labyrinthian

prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8").

Here, as is readily apparent, Plaintiff's 2018 Complaint does not comport with the pleading requirements of Rule 8. Plaintiff's lengthy submission is rambling, at times incoherent, and disjointed. Because the 2018 Complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8, it is DISMISSED WITHOUT PREJUDICE. See Rosa v. Goord, 29 F. App'x 735, 735 (2d Cir. 2002) (affirming dismissal of prolix complaint and amended filings which "remained prolix and not susceptible of a responsive pleading") (internal citations omitted); Prezzi, 469 F.2d at 692 (affirming dismissal of voluminous pro se complaint and affirming dismissal of shorter amended complaint which was "equally prolix and for the most part incomprehensible.").

However, notwithstanding Plaintiff's attempt to circumvent this Court's January 12, 2018 Electronic Order in 17-CV-1742, in light of Plaintiff's pro se status, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH RULE 8 AND THIS MEMORANDUM AND ORDER WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER. Plaintiff is warned that no

9

extensions of this deadline will be granted absent extraordinary circumstances and that if the if the Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis (Docket Entry 2) is GRANTED, however the 2018 Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to comply with Federal Rule of Civil Procedure 8's requirements. However, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with Rule 8 and this Memorandum and Order. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear docket number 18-CV-1935, and shall be filed within thirty (30) days of the date of this Memorandum and Order.

Plaintiff is warned that no extensions of this deadline will be granted absent extraordinary circumstances and that if the Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice. If Plaintiff does not file an Amended Complaint

within the time allowed, judgment shall enter without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  8 , 2018
       Central Islip, New York