UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EUGENE LAFURNO,

                       Plaintiff,

        -against-

SEAN WALTERS, TOWN OF RIVERHEAD
RICHARD DOWNS, ROBERT KOZAKIEWICZ,
CARTER-MELENCE, INC. AND JOHN and
JANE DOES 1-108,

                      Defendants.
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
CV 18-1935 (JS) (ARL)

**LINDSAY, Magistrate Judge:**

      Plaintiff Eugene Lafurno, *pro se*, brings this action against Sean Walters, Richard Downs,

Robert Kozakiewicz, and the Town of Riverhead (collectively, the "Riverhead Defendants"),

and Carter-Melence, Inc. ("Carter-Melence" and, together with the Riverhead Defendants,

"Defendants") for alleged civil rights violations under 42 U.S.C. § 1983 ("Section 1983") and

for violation of the Racketeering Influence Corrupt Organizations Act ("RICO"), 18 U.S.C. §

1962(c) and (d).  Currently before the Court, on referral from District Judge Seybert, are

Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1)

and12(b)(6).  For the reasons set forth below, the undersigned respectfully reports and

recommends that the Riverhead Defendants' motion to dismiss be granted, and Defendant

Carter-Melence's motion to dismiss be granted.

## BACKGROUND

### A. Factual Background

      The following facts are drawn from the Complaint and are accepted as true for purposes

of the instant motion.  *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).  These

facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

Plaintiff is a resident of Baiting Hollow, New York and this action concerns Plaintiff's residence located at 162 Founders Path Drive, Baiting Hollow. Am. Compl. ¶ 1. This action is brought against the Town of Riverhead (the "Town"), certain Town employees and an entity hired by the Town to do demolition work. While Plaintiff's Amended Complaint is at times difficult to decipher, it appears Plaintiff is asserting a claim that Defendants committed tortious act arising out of the Town's demolition of a cupola on top of Plaintiff's residence. *Id.* at ¶ 15. 15.

Plaintiff alleges that the Town pursued a course of action to "destroy the cupola he built and owned" at his premises without "legitimate justification." *Id.* at ¶ 25. According to Plaintiff, he had the proper building permits for the construction of the cupola and the structure was certified safe by a licensed engineer. *Id.* Plaintiff further alleges that he was wrongfully denied a certificate of occupancy in April 2009 because the Town failed to perform a timely inspection. *Id.* at ¶ 27. Plaintiff alleges that these actions were undertaken to perpetrate a fraud on the state court as a means of tricking that court into ordering the demolition. *Id.* at 26. It is Plaintiff's position that this entire matter was the result of a criminal conspiracy between Plaintiff's neighbors and Town officials. *Id.* Plaintiff also alleges that Defendant Carter-Melence was "assigned the job to demolish the cupola by the Town officials misuse of their discretionary powers." *Id.* at ¶ 30.

In addition to Plaintiff's allegation regarding the Town's actions in connection with the demolition of the cupola, Plaintiff also alleges that the Town attorney intentionally prosecuted

Plaintiff on false charges of building without a permit in order to influence a Justice Court Judge to incarcerate Plaintiff for 58 days and to have Plaintiff committed to involuntary hospitalization for 120 days. *Id*. at ¶ 13. However, Plaintiff does not assert a claim for false imprisonment, rather Plaintiff asserts claims under the Fourteenth Amendment for loss of his ownership of real property. *Id*. at ¶ 16.[1]

For purposes of a motion to dismiss for lack of jurisdiction, this Court may refer to evidence outside the pleadings. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Accordingly, the Court will review the events that transpired in the State Court which are set forth in the Riverhead Defendants' Memorandum of Law. In 2013, the Town commenced an action in the Supreme Court of the State of New York, County of Suffolk under index no. 16325/2013 (the "State Court Action"), to enforce code violations at the the Plaintiff's home. In the State Court Action, the Town alleged that Plaintiff had illegally constructed a cupola on the third and fourth floors of his home. Following several hearings, the court in the State Court Action, issued a Short Form Order, dated June 11, 2014, which ordered the removal of the structure and authorized the Town to hire a vendor to complete the removal. *See* Declaration of Timothy Hill ("Hill Decl."), submitted in support of the Riverhead Defendants' motion to dismiss, Ex. A. The court's June 11, 2014 Order found that Plaintiff "constructed an illegal and unpermitted third story tower and fourth story platform at and on the house" and that the illegal

---

[1] In the Amended Complaint, Plaintiff states he is asserting a claim under Section 1983 for violation of the Equal Protection Clause based upon Defendants' violation of the Fourteenth Amendment. Am. Compl. ¶ 15. Traditionally, claims brought under the Equal Protection clause involve discrimination against people based on their membership in a vulnerable class. *See Lavoie-Francisco v. Town of Coventry*, 581 F. Supp. 2d 304, 309-10 (D. Conn. 2008), *aff'd*, 352 F. App'x 464 (2d Cir. 2009) (citing *Goldfarb v. Town of West Hartford*, 474 F. Supp. 2d 356, 366 (D. Conn. 2007) (internal quotation marks omitted)). Nothing in Plaintiff's Amended Complaint references discrimination of any type. Thus, Plaintiff's claim is more properly considered a violation of the Due Process Clause which "provides that certain substantive rights — life, liberty, and property — cannot be deprived except pursuant to constitutionally adequate procedures." *Desir v. Bd. of Coop. Educ. Servs. Nassau County*, No. 07-CV-1994 (RRM), 2008 U.S. Dist. LEXIS 78965, 2008 WL 4508735, at *2 (E.D.N.Y. Sept. 30, 2008) (citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)).

3

structure posed risks to the occupants and neighbors.  Hill Decl. Ex. A.  The June 11, 2014 Order

expressly directed the Town to remove the structure.  *Id.*  Additionally, Plaintiff was required to

pay the cost of the removal.  *Id.*

Plaintiff filed a notice an appeal from the June 11, 2014 Short Form Order, but he never

pursued or perfected the appeal.  As a result, the Supreme Court of the State of New York,

Appellate Division: Second Department, issued a Decision and Order on Motion, dated June 10,

2015, dismissing Plaintiff's appeal.   Hill Decl., Ex. B.

On January 21, 2015, the Town, by Resolution # 66, authorized the town clerk to

publish and post a notice of public hearing regarding the structure at the Plaintiff's residence.

That hearing was held on February 18, 2015, and continued to March 3, 2015.  In the course of

the hearing, the Town solicited and received evidence from Plaintiff and others regarding the

structure.  Plaintiff was afforded an opportunity to produce an engineer's report to substantiate

his contentions that the cupola conformed with the New York State Building Code.  Plaintiff's

deadline to produce the report was March 20, 2015.  According to the Riverhead Defendants,

Plaintiff never produced such a report.  Riverhead Def. Mem. at 5.  By letter December 3, 2015,

the Town notified Plaintiff that it would award a bid to remove the structure on December 15,

2015.  Hill Decl. Ex. C.  On January 24, 2017 the Court issued a Warrant of 96 Hour Eviction and

Order was issued as part of the State Court Action.  Hill Decl. Ex. D.  According to Plaintiff, the

demolition occurred on March 29, 2017.  Am. Compl. ¶ 21.

## B.  Procedural Background

Plaintiff filed the Amended Complaint on July 9, 2018.  On March 26, 2019, the

Riverhead Defendants moved to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12

(b)(6).  In support of their motion to dismiss the Riverhead Defendants rely upon their

4

Memorandum of Law in Support of Moving Defendants Motion to Dismiss ("Riverhead Def. Mem.") as well as the Hill Declaration.  On the same day, Defendant Carter-Melence also moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) and 12(b)(6).  In support of its motion to dismiss Carter-Melence relies upon its Memorandum of Law in Support of Defendant, Carter-Melence, Inc.'s Motion to Dismiss Pursuant to the Provisions of Rules 12(b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure ("Carter-Melence Mem.").  Plaintiff opposed both motions.  Plaintiff relies upon Memorandum of Law in Support of Opposition to Carter-Melence-Melence, Inc. Motion to Dismiss ("Pl. Mem.").  All Defendants have advised the Court that they view Plaintiff's opposition to the motion as an offer to withdraw the claims against Defendants and have not submitted reply memoranda of law.   By Order dated October 8, 2019, these motions were referred to the undersigned by Judge Seybert.

## DISCUSSION

### A.  Standard of Review

#### 1.  Rule 12(b)(1)

"'When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) motion first.'"  *Craig x. Saxon Mortg. Servs., Inc.*, No. 13-CV-4526, 2015 WL 171234, at *4 (E.D.N.Y. Jan. 13, 2015) (quoting *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[F]ederal courts are courts of limited jurisdiction which thus requires a specific grant of jurisdiction." *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582

F.3d 393, 397 (2d Cir. 2009) (internal quotation marks and citations omitted); *see Gunn v. Minton*, 568 U.S. 251 (2013); *see also Allen v. Mattingly*, No. 10 CV 0667 (SJF)(ARL), 2011 U.S. Dist. LEXIS 34206, 2011 WL 1261103, at *5 (E.D.N.Y. Mar. 29, 2011) ("[f]ederal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction") (citations omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under both Rule 12(b)(1) and Rule 12(b)(6) "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations and internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). "When considering a motion to dismiss, courts are generally limited to examining the sufficiency of the pleadings, but where a party challenges the court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings." *Baurv. Comm'r of Soc. Sec.*, No. 10-CV03781 (CBA), 2011 U.S. Dist. LEXIS 52128, 2011 WL 1877726, at *2 (E.D.N.Y. May 16, 2011) (internal quotation marks and citation omitted). Moreover, "[i]n contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *MacPherson v. Town of Southampton*, 738 F. Supp. 2d 353, 361 (E.D.N.Y. 2010). Finally, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535

U.S. 625, 630, (2002); *see Feinstein v. Chase Manhattan Bank*, No. 06 CV 1512 JFB ARL, 2006 U.S. Dist. LEXIS 16507, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006).

### 2.  Standard of Review - Rule 12(b)(6)

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss.  District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

Where, as here, the complaint was filed *pro se*, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  However, a *pro se* complaint must state a plausible claim for relief, *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and mere conclusions of law unsupported by factual averments need not be accepted, *Klos v. Bligh*, No. 13-CV-5449, 2014 U.S. Dist. LEXIS 105600, 2014 WL 3778993, at *5 (E.D.N.Y. July 31, 2014).  The court must liberally interpret the complaint of a pro se plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972); *Williams v. Smith*, 781 F.2d

319, 322 (2d Cir. 1986).  Taking into consideration the plaintiff's lack of legal training, the court "holds the complaint to 'less stringent standards than formal pleadings drafted by lawyers.'" *Roberts v. Internal Revenue Service*, 468 F. Supp. 2d 644, 2006 WL 3873161, at *3 (S.D.N.Y. 2006), quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997).  Nevertheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citations omitted).

For the purposes of a Rule 12(b) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).  In addition, "in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Id.* (citation and internal quotation marks omitted).  "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough." *Id.* (quoting *Global Network*, 458 F.3d at 156).  "'In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint." *Id. (quoting Global Network*, 458 F.3d at 157)).  In addition, "'[a] court may take judicial notice of a document filed in another court not

for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Global Network*, 458 F.3d at 157 (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

### B.      Motion to Dismiss For Lack of Subject Matter Jurisdiction

Each of the Defendants argues that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and therefore, the Court lacks subject matter jurisdiction to hear this action.   The undersigned agrees.

The *Rooker-Feldman* doctrine precludes a federal court from entertaining "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indis. Corp.,* 544 U.S. 280, 284 (2005).  *Rooker-Feldman* also precludes federal district courts from exercising jurisdiction over claims that are "inextricably intertwined" with state court determinations.  *Kropelnick v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (quoting D.*C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 n.16, 103 S. Ct. 1303, 75 L. Ed 2d 206 (1983)).  This doctrine recognizes that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."  *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).  Indeed, "[u]nderlying the Rooker-Feldman doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions."  *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009).

The Second Circuit has identified four elements that must be met for the *Rooker-Feldman* doctrine to divest a court of subject matter jurisdiction:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment[ ].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced'—i.e., *Rooker–Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Hoblock*, 422 F.3d at 85. The first and fourth requirements have been classified as "procedural" and the second and third requirements as "substantive." *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 346 (E.D.N.Y. 2010).

In this case, each of the requirements have clearly been met. First, Plaintiff lost in state court as evidenced by the orders entered in the State Court Action. Hill Decl. Ex. A & D. The second procedural requirement has also been met. The latest order in the State Court Action was issued on January 24, 2017 and this action was commenced on July 9, 2018. *See Andrews* v. *Citimortgage, Inc.,* No. 14-cv-01534 (JS)(AKT), 2015 U.S. Dist. LEXIS 43027, 2015 WL 1509511 (E.D.N.Y. Mar. 31, 2015); *Craig v. Saxon Mortg. Servs., Inc*., No. 13 CV 4526, 2015 U.S. Dist. LEXIS 3819 at * 16, 2015 WL 171234 (E.D.N.Y. Jan. 13, 2015) (same).

The substantive requirements of *Rooker-Feldman* have also been met. The complaint seeks relief from the wrongful destruction of the cupola and reimbursement for the cost of the demolition from Carter-Melence. *See* Am. Compl. ¶¶ 25, 27, 29-30. This is precisely the matter litigated in the State Court Action. There is no doubt that Plaintiff complains of injuries caused by the state court judgment and asks this Court to review and reject the state court's demolition order. Accordingly, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

Moreover, it is well settled, that "a federal plaintiff cannot escape the *Rooker-Feldman* bar simply by relying on a legal theory not raised in state court." *Andrews*, 2015 WL 1509511, at *5 (citations and internal quotation marks omitted). For this reason, "[d]istrict courts in this

10

circuit routinely cite *Rooker-Feldman* in dismissing RICO claims that attempt to raise alternative challenges to actions already rejected by the state courts." *Pharr v. Evergreen Garden, Inc*., 123 F. App'x 420, 423 n.2 (2d Cir. 2005). By the same token, Plaintiff's due process and equal protection are "inextricably intertwined" with the state court judgment. *See Goldberg v. Roth*, No. 99–CV–11591, 2001 WL 1622201, at *5 (S.D.N.Y. Dec. 17, 2001) ("Plaintiff cannot make an end run around the Rooker-Feldman doctrine and into federal court . . . through the mere assertion of new and baseless claims to supplement the old.").

Plaintiff's argument that "[t]here is no time limit for setting aside a judgment because of fraud upon the court" and therefore "a judgment may be attacked for fraud upon the Court at any time" does not save this action from dismissal. The Second Circuit has "held that a plaintiff cannot rely on allegations that the state court judgment at issue 'was obtained fraudulently' to avoid application of the *Rooker-Feldman* doctrine." *Fiorilla v. Citigroup Global Markets, Inc.*, 771 F. App'x 114, 115 (2d Cir. 2019) (citing *Vossbrinck v. Accredited Home Lenders, Inc.,* 773 F.3d 423, 427 (2d Cir. 2014)).

Accordingly, the undersigned finds that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and thus, respectfully reports and recommends that Defendants' motions to dismiss be granted.

## C. Motion to Dismiss Plaintiff's Claims

The Riverhead Defendants and Carter-Melence have also moved to dismiss Plaintiff's amended complaint pursuant to Rule 12(b) (6) for failure to state a claim. Because this Court recommends the District Court dismiss Plaintiff's Complaint for a lack of subject matter jurisdiction, the Court has not considered Defendants' motions to dismiss for failure to state a claim.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties.  Any objections to this Report and Recommendation must be filed within 14 days. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*.  *Pro se* Plaintiff Eugene LaFurno must file his objections in writing with the Clerk of the Court within the prescribed time period noted above.  Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within this period waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated:  Central Islip, New York
         February 20, 2020

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge